Green, J.
delivered the opinion of the court.
The indictment in this case has fifteen counts. In the 4th count the defendant is charged with feloniously harboring and concealing a slave, Mary, the property of John S. Curtis, with intent to deprive him, the true owner, of the said slave.
The defendant was put upon his trial the February term, 1844, of the Shelby Circuit Court; and after the evidence had been heard, and the cause submitted to the jury, who had been charged with the defendant’s case four days, “it appearing to the court that John Cowgill, one of the jurors herein, is so seriously indisposed as to render it unsafe for him to continue further, the effort to arrive at a verdict in this behalf; it is or- ’ dered, that a juror be withdrawn, and the balance of the jury, from rendering a verdict, be discharged.”
The cause was continued until the June term, 1844, when the defendant was again put on his trial, and the jury found him guilty as charged in the 4th count of the indictment. A motion was made in arrest of judgment, which was sustained by the court, and the defendant was ordered to be discharged, from which judgment the Attorney General, in behalf of the State, appealed to this court.
It is insisted that the judgment was properly arrested, for two reasons:
1st. Because the court had no power to withdraw a juror *603 and discharge the jury from rendering a verdict at the February term, 1844; and that having done so, the prisoner had a right to be discharged.
2d. That the facts charged in the 4th count, upon which the prisoner was convicted, do not constitute felony.
Upon the 1st question, it is insisted that the act of 1817, ch. 99, sec. 1, prohibits the discharge of the entire jury, upon the sickness of one of their fellows. It is not denied, but that such sickness of a juror is sufficient cause for discharging the panel at common law. Chitty says, (Crim. Law, vol. 1, page 545,) “where a juryman is taken ill duringthe trial, the jury may be discharged.” And this court in the case of Mahala vs. The State, (10 Yerg. 537,) held, that a physical impossibility to procure a verdict — such as the sickness of a juror — justified the court in discharging the jury. But it is said, the act of 1817 is imperative, that in case of the sickness of a juror, another shall be summoned, and the cause shall be immediately tried de novo. We do not concur in this view of the act. We regard it as only directory as to the mode of proceeding when the case provided for shall occur. By the common law, when a juror becomes sick, the whole jury is broken up, and the same eleven that had before been sworn are put to the prisoner, and may be challenged by him. (1 Ch. Cr. Law, 545: 4 Taunton, 309.) But by the act of 1817, a juror is to be summoned instanter in place of the sick juror, and sworn, the eleven remaining as part of the panel elected, are not subject again to challenge, nor are they again to be sworn. 5 Yerg. Rep. 160. The right of challenge is confined to the juror newly summoned, alone. But these principles of the common law, and provisions of the statute, by which, in case of sickness of a juror, a trial may be had de novo, instanter, do not prevent the court from postponing such new trial to another term. It may in its discretion supply the place of the sick juror, and proceed to try the case de novo, or discharge the jury and continue the cause.
2d. We are next to examine the allegations in this indictment, and see if they constitute a charge of felony. By the act of 1835, ch. 58, it is provided, that “if any person or persons whatever shall directly or indirectly tempt or persuade *604 any slave or slaves to leave his, her or their master or mistress’ service, with an intent or design to carry him, her or them out of this State, or with the intent or design to deprive the true owner thereof, or shall harbor or conceal such slave or slaves for that intent or purpose, such person of persons shall upon conviction thereof, before any tribunal in this State having jurisdiction thereof, be adjudged guilty of felony, and shall for every such offence be confined in the jail and penitentiary for a term not less than three nor more than ten years.”
The charge in the count of this indictment under consideration, is, that the defendant “wilfully and feloniously did harbor and conceal a certain other slave,” with intent to deprive the true owner thereof.
The question is, whether the mere fact of harboring and concealing a slave, with intent to deprive the owner thereof, is a felony under this statute. And we think it is not. The words in the statute “or harbor or conceal such slave,” are not intended to constitute a distinct offence of themselves; but they relate to the previous clauses of the act, and refer to such slave as may have been persuaded or tempted to leave the owner. The word such 'necessarily relates to the previous enactment, and means “the slave so tempted to leavethe owner.” If a distinct offence had been intended, the language would have been, “or harbor or conceal any slave,” not “such slave.” The indictment should have charged, that the slave, having been tempted and persuaded, left the owner, and having so left, was harbored and concealed by the defendant.
The judgment was properly arrested, and we affirm the judgment of arrest.